UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 10-154** |
| **GREGORY MCRAE** | **SECTION I** |

## ORDER & REASONS

The Court has received a motion[1] filed by the government to exclude expert witnesses at the upcoming sentencing hearing. The government moves to exclude testimony by William B. Jansen, Ph.D., and Rafael Salcedo, Ph.D. ("Salcedo"), contending that defendant failed to comply with expert disclosure requirements and because the testimony "is irrelevant, repetitive, and will not aid the Court in its determination of sentence."[2]

In his response, defendant represents that he "will forego calling Dr. Jansen at the re-sentencing."[3] He also attaches a report summarizing Salcedo's opinions and a copy of Salcedo's CV.[4] Defendant intends to offer Salcedo's testimony "to "establish that Gregory McRae was suffering from [a] significantly reduced mental capacity from the time he was ordered by his superior to move the vehicle containing the lifeless body of Henry Glover through his subsequent burning of the vehicle with Henry Glover's body inside," which circumstance purportedly supports a downward departure pursuant to U.S.S.G. § 5K2.13.[5]

---

[1] R. Doc. No. 1097.
[2] R. Doc. No. 1097-1, at 1.
[3] R. Doc. No. 1099, at 3.
[4] R. Doc. Nos. 1099-1, 1099-2.
[5] R. Doc. No. 1099, at 1-2.

1

With respect to the government's argument based on non-disclosure, defendant has now adequately disclosed the substance of the anticipated testimony.[6] With respect to the government's relevance argument, the Federal Rules of Evidence do not apply to sentencing. Fed. R. Evid. 1101(d)(3). Although the Court has previously considered and denied a motion for a downward variance based on U.S.S.G. § 5K2.13,[7] under these circumstances the Court finds it appropriate to allow Salcedo to testify subject to cross-examination by the government. The Court will give such testimony whatever weight, if any, it warrants.

Accordingly,

**IT IS ORDERED** that the government's motion is **DENIED** with respect to Salcedo and **DISMISSED AS MOOT** with respect to Jansen.

New Orleans, Louisiana, January 13, 2016.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[6] The government cited Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure as the basis of the disclosure obligation. R. Doc. No. 1097-1, at 1 n.1. The plain text of that Rule governs disclosure "testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence *at trial*." Fed. R. Crim. P. 16(b)(1)(C) (emphasis added). Because defendant has voluntarily disclosed Salcedo's testimony, the Court need not decide whether Rule 16(b)(1)(C) compels disclosure before sentencing, either in general or under the circumstances presented herein.

[7] R. Doc. No. 1072, at 1-2.